UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| MARC D. EMMERICK | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No.: 3:08-cv-305 |
| | ) | (VARLAN/GUYTON) |
| CITY OF GATLINBURG, TENNESSEE, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

## **MEMORANDUM**

This is a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the Court on the defendants' motion for summary judgment and/or to dismiss and plaintiff's response thereto. For the following reasons, the motion for summary judgment [Doc. 25] will be **GRANTED**.

**I.      Standard of Review**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  "In considering a motion for summary judgment, the court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). *See also Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986); *Securities and Exchange Commission v. Blavin*, 760 F.2d 706, 710 (6th Cir. 1985).

The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

> Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. The dispute must also be genuine. The facts must be such that if they were proven at trial a reasonable jury could return a verdict for the non-moving party. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial.

*60 Ivy Street Corp. v. Alexander*, 822 F.2d at 1435-36 (citations omitted).

Once the moving party presents evidence sufficient to support a motion for summary judgment, the non-moving party is not entitled to a trial merely on the basis of allegations. The non-moving party must present some significant probative evidence to support its position. *White v. Turfway Park Racing Association, Inc.*, 909 F.2d 941, 943-44 (6th Cir. 1990); *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 861 (6th Cir. 1986). Mere allegations of a cause of action will no longer suffice to get a plaintiff's case to the jury. *Cloverdale Equipment Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989).

Summary judgment should not be disfavored and may be an appropriate avenue for the "just, speedy and inexpensive determination" of an action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

## II.   Factual and Procedural Background

The defendants are the City of Gatlinburg and Gatlinburg Police Officers Rodney Burns and Matthew Smith; Judicial Magistrate Tom Randalls and Assistant District Attorney General Gregory Eshbaugh were dismissed as defendants on prior motion. Plaintiff alleges generally that on August 3, 2007, as the result of a traffic stop, he was subjected to false arrest, unreasonable search and seizure, illegal prosecution, and a conspiracy to engage in the foregoing by Officers Burns and Smith; he also complains of the treatment he received while in the custody of the defendants as well as an unnamed police officer. Plaintiff seeks compensatory and punitive damages. The Court stayed all proceedings pending the conclusion of the criminal proceedings against the plaintiff, which proceedings form the basis for the complaint.

Upon being advised by counsel for defendants that the criminal proceedings against plaintiff had concluded, with plaintiff having been found guilty by a jury of simple possession of marijuana and speeding, and having pleaded guilty to driving without a driver's license, the Court lifted the stay and restored this case to the Court's active docket. The remaining defendants now move for summary judgment on the ground that the majority of plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and that the defendants are entitled to qualified immunity on his remaining claims.

## III.   Discussion

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton*

*Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

Plaintiff claims that the defendant officers had no reason to arrest him and that defendant Smith planted the marijuana in plaintiff's vehicle. He also claims that the City of Gatlinburg failed to adequately train, control, or supervise the defendant officers with respect to their powers to arrest and detain persons. The defendants contend that plaintiff's claims must fail under the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court held that, in order to pursue a § 1983 civil rights case against county prosecutors and police for an alleged unconstitutional conviction, the inmate first "must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87. *Heck* thus stands for the proposition that "where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004).

4

In support of their motion for summary judgment, the defendants have filed copies of the judgments of conviction entered against plaintiff. [Doc. 25, Collective Exhibit A]. Plaintiff was found guilty by a jury of simple possession of marijuana and speeding; he pleaded guilty to driving without a driver's license. Accordingly, plaintiff's claims that he was subjected to false arrest and detention, illegal search and seizure, illegal prosecution, and a conspiracy to engage in the foregoing, and his claim that the City of Gatlinburg failed to train and supervise the defendant officers, must fail under *Heck*. The defendants are thus entitled to judgment as a matter of law as to those claims.

Plaintiff also alleges that he was subjected to cruel and unusual punishment, in violation of the Eighth Amendment, when he was made to suffer unnecessarily. According to plaintiff, he was forced to sit in a police cruiser in the sweltering summer heat, with the windows rolled up and no air conditioning on, for over 30 minutes while the officers searched his vehicle. Because plaintiff's claim arose in the context of his arrest, his claim must be analyzed within the framework of the Fourth Amendment.

> "[T]he two primary sources of constitutional protection against physically abusive governmental conduct" are the Fourth and Eighth Amendments. The Fourth Amendment's prohibition against unreasonable seizures of the person applies to excessive-force claims that "arise[] in the context of an arrest or investigatory stop of a free citizen," while the Eight Amendment's ban on cruel and unusual punishment applies to excessive-force claims brought by convicted criminals serving their sentences.

*Aldini v. Johnson*, 609 F.3d 858, 864 (6th Cir. 2010) (quoting *Graham v. Connor*, 490 U.S. 386-394 (1989)) (internal citations omitted). The standard under the Fourth Amendment is "reasonableness." *Id*. at 865 (citation omitted).

In this regard, the defendant officers contend that they are entitled to qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Once a defendant has raised the defense of qualified immunity, "[t]he plaintiff has the burden of establishing that a defendant is not entitled to qualified immunity." *Cartwright v. City of Marine City*, 336 F.3d 487, 490-91 (6th Cir. 2003) (citation omitted).

In *Burchett v. Kiefer*, 310 F.3d 937, 945 (6th Cir. 2002), the Sixth Circuit agreed that plaintiff's "detention in the police car with the windows rolled up in ninety degree heat for three hours constituted excessive force" in violation of the Fourth Amendment. The Court noted that the officers' "denial of [plaintiff's] request that they roll down the windows to allow [plaintiff] air indicated a wanton indifference to this important safety factor." *Id*. The Fifth Circuit, however, has found that a post-arrest detention for approximately one-half hour in an unventilated police vehicle in the sun did not violate the Fourth Amendment. *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001). Another judge in this district has found that placing the plaintiff in an unventilated vehicle for 35-45 minutes in hot weather did not violate a constitutional right. *Wright v. Depew*, Civil Action No. 2:07-cv-166, 2010 WL 2594398 at *8 (E.D. Tenn. June 22, 2010) (J. Ronnie Greer, District Judge, Memorandum Opinion and Order granting summary judgment).

6

Other district courts have found that post-arrest detention in a hot, unventilated police vehicle for a relatively short period of time does not state a constitutional violation. *Kennedy v. City of New York*, Civil Action No. 07-cv-10622, 2010 WL 1779235 at *7 (S.D.N.Y. April 26, 2010) (plaintiff held in hot patrol car for approximately 22 minutes); *Kanvick v. City of Reno*, Civil Action No. 3:06-cv-58, 2008 WL 873085 at *11 (D.Nev. March 27, 2008) (plaintiff detained in police van for approximately 17 minutes; no proof of physical injury); *Wintermantel-Baptista v. Hanohano*, Civil Action No. 05-cv-00485, 2007 WL 1201655 at *9 (D.Hawai'i April 23, 2007) (suspect left in squad car in hot sun with windows rolled up for ten minutes; no allegation of physical injury); *Esmont v. City of New York*, 371 F.Supp.2d 202, 214 (E.D.N.Y. 2005) (suspect left in unventilated squad car for ten minutes; no allegation of physical injury).

It is worth noting that, in this case, plaintiff does not allege that he asked the defendants to lower the windows or that he claims to have suffered any physical injury from his time in the police cruiser, other than to suffer unnecessarily. Under the circumstances, the Court finds that the defendants did not violate a clearly established constitutional right when they left plaintiff in an unventilated police car for 30 minutes. The defendants are thus entitled to qualified immunity on this claim.

To the extent plaintiff complains of the treatment he received from another unnamed police officer while being transported from the Gatlinburg Police Department to the Sevier County Jail, that officer was not named as a defendant in this action. Accordingly, plaintiff has failed to state a claim regarding that treatment.

Plaintiff also makes the conclusory allegations that the defendants conspired to interfere with his civil rights, in violation of 42 U.S.C. § 1985(3), and refused to prevent the violation of his civil rights, in violation of 42 U.S.C. § 1986. "To prevail on a § 1985(3) claim, one must prove (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005 (internal quotation marks omitted). Plaintiff must also prove that he is a member of a protected class. *See, e.g., Newell v. Brown*, 981 F.2d 880, 886 (6th Cir. 1992) ("To state a claim under § 1985(3), a complaint must allege both a conspiracy and some 'class-based discriminatory animus behind the conspirators' action.'") (quoting *Dunn v. Tennessee*, 697 F.2d 121, 124 (6th Cir. 1982)). Plaintiff does not state that he is a member of a protected class, and the record indicates otherwise. Accordingly, he has failed to allege a claim under § 1985(3).

In order to state a claim under 42 U.S.C. § 1986, which provides a cause of action against anyone who fails to prevent a violation of § 1985, there must first be a cause of action under § 1985. Since plaintiff has failed to state a claim under § 1985, he cannot state a claim under § 1986. *See Radvansky*, 395 F.3d at 315 (quoting *Braley v. City of Pontiac*, 906 F.2d 220, 227 (6th Cir. 1990)) ("'[w]here plaintiff has stated no cause of action under § 1985, no cause of action exists under § 1986'").

Plaintiff also claims he is entitled to relief under 18 U.S.C. §§ 241 and 242. These sections provide for criminal prosecution of those who deprive others of their civil rights and thus do not apply in a civil proceeding.

Plaintiff has also raised a state law claim of intentional infliction of emotional distress. Pursuant to 28 U.S.C. § 1367(c)(3), this Court declines to exercise supplemental jurisdiction over any pendent state claims which the plaintiff may have. *Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992).

**IV.    Conclusion**

The defendants are entitled to judgment as a matter of law and their motion for summary judgment will be **GRANTED**. This action will be **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE